PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARCELINO HIDALGO, Defendant and Appellant.

No. 3704.   Argued January 22, 1929.—Decided February 21, 1929.

*José J. Acosta y Acosta* for the appellant.   *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Marcelino Hidalgo was charged in the municipal court of Guayama with a violation of section 3, Title II, of the National Prohibition Act, consisting in transporting knowingly, wilfully and unlawfully in his automobile a can containing five gallons of rum, two bottles of muscatel wine, two bottles of cream of cacao, six bottles of brandy, six bottles of wine and two bottles of anisette.

After a trial in the municipal court an appeal was taken to the district court where the case was tried *de novo* and the defendant was sentenced to pay a fine of $25 or to imprisonment one day for each dollar not paid.   The defendant appealed to this court and in his brief assigned two errors.

In the first assignment he contends that the district court should have sustained a motion to dismiss made by him at the commencement of the trial *de novo* on the ground that more than one hundred and twenty days had elapsed since

the last continuance. The district attorney opposed the motion and alleged as justifiable causes for failure to try the case within the 120 days pressure of business on the court and the occurrence of the San Felipe hurricane which was of such magnitude that for some time it disarranged the regular dispatch of cases by the court, and on that ground the court overruled the motion.

In our judgment the district court did not err. As said by the *Fiscal* of the Supreme Court in his brief, no mention is made of the date of the last continuance from which to compute the 120 days specified by the statute which has been held applicable to such cases. It can be deduced only from the statement of the judge in ruling on the motion that the time expired six days before the day of the trial. And taking into account the testimony of the clerk of the court, who was called as a witness by the attorney for the defendant, that in order to dispose of the cases before it the court called a special session during its vacation period beginning on September 4, 1928, and it was interrupted by the said calamity which occurred on the 13th of September, it will be seen that there was justifiable cause for holding the trial on the 12th of the following October.

It is contended in the second assignment that the court erred in weighing the evidence, inasmuch as it did not show in any way that the defendant knew that he was transporting liquor in his automobile.

There is no doubt that in order to convict a person of the crime of transporting liquor it is necessary to show that he knew what he was carrying. Let us see whether the evidence in the present case complies with that requirement.

It is not disputed that the defendant was driving the automobile and that liquors were being carried in it. The evidence for the prosecution showed also that on December 13, 1927, a policeman on duty in Guayama saw the defendant driving a car along Derkes street of that city with Pedro Rodríguez sitting at his side; that the car stopped in front

of a club and he saw the defendant alight, take a parcel, go up to the club and return; that when the defendant again approached the car and was receiving from Rodríguez another package the policeman interfered and took possession of the parcel which turned out to contain the liquors referred to in the information, and that there was also in the car "a kerosene can filled with rum" also referred to in the information. The bottles containing the liquors were in a sack.

The witnesses for the defense were Rodríguez, who had pleaded guilty of being the owner of the liquors and said that he assumed all responsibility, the manager of the club and the defendant himself, who positively stated that he did not know that the sack contained liquors and that the first parcel which he carried to the club contained vegetables.

In our opinion the facts show scienter on the part of the defendant. It is impossible to think that he was ignorant of the contents of the can, considering its condition, and of the sack whose material made it easy to know its contents.

This being so, the second error assigned was not committed and therefore the judgment appealed from must be affirmed.